**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                                          ) Case No. 24-23489-B-11
                                                )
SUKHRAJ S. PAMMA dba SUKHRAJ S.                 ) Adversary No. 25-2015
PAMMA FARMS,                                    )
                                                ) DC No. DJN-3
                                                )
                        Debtor(s).              )
_____                )
                                                )
BALRAJ DHILLON, INDERJIT                        )
DHILLON, MANDIP DHILLON, and                    )
JASPREET DHILLON,                               )
                                                )
                        Plaintiff(s),           )
                                                )
v.                                              )
                                                )
U.S. BANK NATIONAL ASSOCIATION,                 )
as Custodian/Trustee for                        )
Federal Agricultural Mortgage                   )
Corporation Programs; CITIZENS                  )
BUSINESS BANK, as Successor to                  )
Suncrest Bank; SUKHRAJ SINGH                    )
PAMMA; and JAISMIN KAUR PAMMA,                  )
                                                )
                        Defendant(s).           )
_____                )

**MEMORANDUM DECISION GRANTING IN PART**
**AND DENYING IN PART CITIZENS BANK'S MOTION TO DISMISS**

**I.**
**Introduction**

On January 28, 2025, plaintiffs Balraj Dhillon, Inderjit
Dhillon, Mandip Dhillon and Jaspreet Dhillon ("Plaintiffs") filed
a Complaint against defendants U.S. Bank National Association, as
Custodian/Trustee for Federal Agricultural Mortgage Corporation
Programs; Citizens Business Bank, as Successor to Suncrest Bank;
Sukhraj Singh Pamma; and Jaismin Kaur Pamma ("Defendants")

initiating this adversary proceeding.  Docket 1.  On March 27, 2025, defendant Citizens Business Bank, as successor by merger to Suncrest Bank ("Citizens Bank"), filed a Motion to Dismiss the Third Through Fifth Causes of Action from the Adversary Complaint Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Docket 30.  On May 27, 2025, the court issued its ruling orally on the record, granting the motion to dismiss without prejudice and allowing Plaintiffs an opportunity to amend their complaint by June 17, 2025.  Order, Docket 69; Court Audio, Docket 60.

On June 17, 2025, Plaintiffs filed a First Amended Complaint ("FAC") and supporting Exhibits.  FAC, Docket 73; Exs., Docket 74.  Citizens Bank thereafter filed a Motion to Dismiss First Amended Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) ("Motion").  Citizens Bank moves to dismiss Counts 4 through 7.  Mot. 3:2-5, Docket 88.  Plaintiffs filed an opposition.  Citizens Bank filed a reply.  For the reasons below, the Motion will be granted in part and denied in part.[1]  The Motion will be granted as to Count 4 which will be dismissed with prejudice.  The Motion will be denied as to Counts 5, 6, and 7.

## II.
## Relevant Facts

A.   *Facts Alleged in the First Amended Complaint*

The subject of this adversary proceeding stems from

---

[1]The court has reviewed and considered the Motion, opposition, and reply.  The court has also reviewed and takes judicial notice of the docket.  *See* Fed. Evid. 201(c)(1).  Oral argument is not necessary and will not assist in the decision-making process.  *See* Local Bankr. R. 1001-1(f), 9014-1(h).

Plaintiffs' purchase of real property identified as Sutter County APN 10-210-023 ("Parcel 23") on September 30, 2022. FAC 2:18-21, Docket 73. Plaintiffs purchased Parcel 23 from defendant-debtor Sukhraj S. Pamma ("Pamma") for $3,024,035.00. *Id.* at 2:22-24.

Pamma and his wife, defendant Jaismin Kaur Pamma, are the borrowers on an outstanding loan made by Suncrest Bank on or about August 3, 2016, in the original principal amount of $4,050,000 ("2016 Suncrest Loan"). *Id.* at 3:7-9. The 2016 Suncrest Loan was cross-collateralized with other parcels of real property the Pammas owned. *Id.* at 3:9-22.

Plaintiffs engaged the title company, Old Republic Title Company ("ORTC"), to hold escrow for the transaction. ORTC issued written preliminary reports for Parcel 23 on or about April 2022 and September 2022, in each case listing as exceptions on title two deeds of trust in favor of Suncrest Bank as "Beneficiary/ Lender:" (a) the first lien Sutter County deed of trust securing the 2016 Suncrest Loan; and (b) a third lien deed of trust securing a $4,630,000 loan made to the Pammas on or about March 4, 2020 ("2020 Suncrest Loan"). ORTC, as escrow agent for Plaintiffs, submitted to Citizens Bank two separate written requests for payoff demand statements, one seeking a statement of the amount of the unpaid balance on the 2016 Suncrest Loan and one seeking a statement of the amount of the unpaid balance on the 2020 Suncrest Loan. *Id.* at 4:4-12.

In response to these requests, Citizens Bank submitted to ORTC two written payoff demand statements demanding one payment totaling $1,197,730.82 for the 2016 Suncrest Loan and the other payment totaling $408,000.00 for the 2020 Suncrest Loan. *Id.* at

4:13-17.  Plaintiffs believed at the close of escrow and after paying these two demands in full that they had purchased Parcel 23 in fee title absolute without any encumbrances.  *Id.* at 4:17-23.

Citizens Bank never informed ORTC that it had previously assigned its interest in the 2016 Suncrest Loan, or that Citizens Bank did not have the authority to demand and accept payoff of that obligation from Plaintiffs' purchase escrow, or that Citizens Bank did not have authority to release and reconvey the 2016 Sutter County deed of trust.  *Id.* at 4:24-5:3.

At the close of escrow, ORTC disbursed a portion of Plaintiffs' purchase funds to satisfy in full Citizens Bank's two payoff demand statements.  *Id.* at 5:4-7.  Plaintiffs believed that the deeds of trust associated with the 2016 Suncrest Loan and 2020 Suncrest Loan were paid off in full and extinguished. *Id.* at 2:7-12.

Following the close of escrow, Citizens Bank caused the deed of trust associated with the 2020 Suncrest Loan to be reconveyed as against Parcel 23, but Citizens Bank did not reconvey the deed of trust associated with the 2016 Suncrest Loan.  *Id.* at 5:13-16. ORTC then made repeated emails requesting Citizens Bank reconvey the deed of trust associated with the 2016 Suncrest Loan, including on February 2023, March 2023, April 2023, July 2023, August 2023, September 2023, October 2023, November 2023, December 2023, January 2024, February 2024, March 2024, and April 2024. *Id.* at 5:16-20.  Citizens Bank never advised it lacked authority to reconvey the 2016 Sutter County deed of trust or that it had assigned the 2016 Suncrest Loan.

- 4 -

However, on April 29, 2024, Citizens Bank recorded a Substitution of Trustee and a Partial Reconveyance of Parcel 23 under the Sutter Deed of Trust, as Document No. 2024-0003484 in the Official Records of Sutter County ("Parcel 23 Reconveyance"). *Id.* at 6:1-3. Then, on October 1, 2024, Citizens Bank recorded a Rescission of Reconveyance as Document No. 2024-0008602 in the Official Records of Sutter County, purporting to rescind the Parcel 23 Reconveyance of the Sutter Deed of Trust as against Plaintiffs' Parcel 23 ("Recision"). *Id.* at 6:13-16. Defendant U.S. Bank National Association, as Custodian/ Trustee for Federal Agricultural Mortgage Corporation Programs ("FAMC"), now contends it had been assigned the 2016 Suncrest Loan and associated deeds of trust in Sutter and Butte Counties. *Id.* at 6:9-13.

Plaintiffs assert that Citizens Bank actively and affirmatively misrepresented through the payoff demand statements submitted to Plaintiffs' escrow agent, ORTC, which Citizens Bank intended and reasonably expected would be communicated to and relied upon by Plaintiffs as buyers in the subject escrow, that Citizens Bank was the beneficiary of the 2016 Sutter County deed of trust at the time it demanded and accepted the $1,197,730.82 payoff for Parcel 23. *Id.* at 6:4-9.

Plaintiffs assert that with the exception of Parcel 23 now owned by Plaintiffs, at the time of the bankruptcy petition, title to the real property secured by the 2016 deeds of trust remained in the Pammas, either jointly or singly, as the borrowers on the 2016 Loan. *Id.* at 6:20-23.

FAMC has caused to be recorded a Notice of Default and Election to Sell Parcel 23 ("NOD"). *Id.* at 6:20-23. FAMC intends

to notice a non-judicial foreclosure sale of only Parcel 23 under the 2016 Sutter County deed of trust, the only parcel among its real property security for the 2016 Suncrest Loan that its borrowers, the Pammas, no longer own. *Id.* at 7:1-3.

Plaintiffs allege they learned for the first time on September 26, 2024, that FAMC claimed it was the holder of the 2016 Sutter County deed of trust, notwithstanding payoff to Citizens Bank and Citizens Bank reconveying Parcel 23 to Plaintiffs. *Id.* at 7:8-16. Plaintiffs assert the statute of limitations has been tolled by Citizens Bank's conduct, including affirmative acts and omissions, and that the statute of limitations only began to run when Plaintiffs learned that FAMC claimed to be holder of the 2016 Sutter County deed of trust on September 26, 2024. *Id.* at 8:8-17.

Plaintiffs filed seven claims for relief in the FAC based on these factual allegations. Citizens Bank only seeks dismissal of Counts 4 through 7, so the court only addresses those Counts.

The specifics of Counts 4 through 7 are discussed in Section IV., *infra*.

### III.
### Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d

1116, 1121 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a Rule 12(b)(6) motion to dismiss, the court accepts all factual allegations as true and construes them, and reasonable inferences drawn from them, in a light most favorable to the non-moving party. *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). Legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

The court may also consider limited materials outside the pleadings. These include documents attached to the complaint, documents incorporated by reference in the complaint, and matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curium). The latter includes the court's own records. *Kelly v. Johnston*, 111 F.2d 613, 615 (9th Cir. 1940).

If the court takes judicial notice of particular materials, the court must "consider—and identify—which fact or facts it is noticing[.] Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within

- 7 -

that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Regarding incorporation by reference, "a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002 (internal quotations omitted). The court is tasked with engaging in a factual determination regarding how extensively a complaint relies on a certain document that a defendant seeks to have incorporated into the record by reference. Importantly, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims. . . Although the incorporation- by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1002-03.

## IV.
## Analysis

As an initial matter, the court denies the request made by Citizens Bank to incorporate by reference various documents filed as Exhibits at Docket 90. The court should only consider incorporating documents by reference when the complaint refers so extensively to the documents that the documents form the basis of the plaintiff's claim. In this case, the FAC makes reference to

various communications between Plaintiffs, ORTC, and Citizens Bank that form the basis of the claims.  It is true that the payoff demand statements are referenced and partially form the basis of Count 4; however, the basis of Count 4 also alleges misrepresentations made outside the contents of the payoff demands.  *See* FAC 12:13-22, Docket 73.

The court only considers well-pleaded factual allegations within the four corners of the FAC for purposes of the Motion.  Otherwise, the court risks considering an incomplete record by allowing in certain documents through incorporation by reference, thereby improperly treating a Rule 12(b)(6) motion as a Rule 56 summary judgment motion.

However, the court does take judicial notice of Exhibit 3, the recorded assignment of the 2016 Sutter County deed of trust as Instrument Nos. 2016-0028481 and 2016-0028481.  Ex. 3, Docket 90.  This document is public information from the county recorder's office.  Exhibit 3 is generally known or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. 201.

A. *Count 4 - Negligent Misrepresentation Against Citizens Bank*

Plaintiffs allege in Count 4 a claim for negligent misrepresentation based on Citizens Bank making affirmative misrepresentations throughout the sale and purchase process of Parcel 23.  The FAC states in Count 4 that these affirmative misrepresentations include Citizens Bank stating it has already reconveyed the 2016 Sutter County deed of trust when it had not.  FAC 12:17-18, Docket 73.  The FAC also alleges Citizens Bank

- 9 -

engaged in an affirmative misrepresentation when it actually eventually reconveyed Parcel 23. *Id.* at 12:18. Citizens Bank also never disclosed the fact it lacked authority to release the 2016 Sutter County deed of trust or that it lacked authority to accept payment for any outstanding amounts owed on the 2016 Sutter County deed of trust. The latter factual allegation is an omission while the former allegations are affirmative statements.

In California, a cause of action for negligent misrepresentation contains five elements: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 213 (Cal. Ct. App. 2007) (citing *Shamsian v. Atlantic Richfield Co.,* 132 Cal.Rptr.2d 635 (2003)). Importantly, "a positive assertion is required; an omission or an implied assertion or representation is not sufficient." *Id.* Negligent misrepresentation does not require actual knowledge of falsity or the intent to deceive. *Id.*

The statute of limitations to bring a negligent misrepresentation claim is two years. Cal. Code Civ. P. § 339; *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). The date from which the statute of limitations begins to run is when the injury accrues. A cause of action "accrues when the claim is complete with all of its elements." *Id.* (internal citations omitted). The date would ordinarily start on the date of injury, but there are factors that can

- 10 -

postpone accrual.  Accrual is postponed until the plaintiff "either discovers or has reason to discover the existence of a claim. . . [However,] so long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." *Id.* (internal citations omitted).

(i).  *Statute of Limitations*

In this case, the cause of action for negligent misrepresentation in Count 4 still sounds in negligence which means it is time-barred by the applicable two-year statute of limitations.[2]  The injury in question accrued at the close of escrow when Citizens Bank did not reconvey the 2016 Sutter County deed of trust on September 30, 2022.  FAC 5:5, Docket 73.  At that point in time, surely Plaintiffs were on inquiry notice that harm had occurred, and Plaintiffs were under the obligation to conduct a reasonable inquiry to discover the extent of the harm, and to ultimately bring a timely action.  The two-year statute of

---

[2]The negligent misrepresentation claim alleged in the initial Complaint was based on an express allegation of a duty and, thence, a standard of care making it a claim sounding more in negligence than fraud.  Docket 1, Compl., at 8:18-22.  The negligent misrepresentation claim in Count 4 of the FAC continues to implicate a duty.  It alleges that Citizens Bank knew its representations made in connection with the payoff demands were false, incomplete, or inaccurate and had no reasonable ground for believing them to be true and complete because the payoff demands were submitted pursuant to or in accordance with California Civil Code § 2943.  California Civil Code § 2943 imposes a statutory duty to submit payoff demands that are true, correct, and complete.  *See* Cal. Civ. Code § 2943(b)(1), (c); *see also Milestone Financial, LLC v. Moon (In re Moon)*, 648 B.R. 73, 90 n.8 (9th Cir. BAP 2023).  The point here is that the allegations made in support of the negligent misrepresentation claim continue to implicate a duty, and thence a standard of care, which is the hallmark of a negligence claim.

limitations would therefore expire on September 30, 2024, unless some mitigating factors delayed discovery.

Plaintiffs argue that the injury accrued on September 26, 2024, when FAMC first informed Plaintiffs that it was the holder of the 2016 Sutter County deed of trust, and so any applicable statute of limitations had been tolled. FAC 7:8-27, Docket 73. The court disagrees. When Citizens Bank did not reconvey the 2016 Sutter County deed of trust at close of escrow on September 30, 2022, Plaintiffs had reason to investigate the facts and discover the extent of the harm for purposes of accrual.

Plaintiffs further argue the statute of limitations had been tolled because Citizens Bank's conduct, its acts and omissions, prevented Plaintiff from discovering the cause of action at close of escrow on September 30, 2022. FAC 8:8-17, Docket 73. The court again disagrees. Plaintiffs attempt to invoke here the common law principle of delayed discovery. The standard for pleading delayed discovery is that "the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.,* 733 F.Supp. 1134, 1141 (C.D. Cal. 2010) (quoting *In re Conseco Insurance Co. Annuity Marketing & Sales Practices Litigation*, 2008 WL 4544441, *8 (N.D. Cal., Sept. 30, 2008).

The court concludes that the doctrine of delayed discovery is not in effect. The case *Javier v. Assurance IQ, LLC*, 649 F.Supp.3d 891 (N.D. Cal. 2023), is instructive on this point. In *Javier*, the plaintiff, Javier, brought a complaint against defendant Assurance IQ, LLC et al. ("Assurance") alleging

- 12 -

Assurance improperly collected data relating to Javier's online visit to Assurance's website, including "keystrokes, mouse clicks, and other electronic communications." *Id.* at 894. Javier visited the website in January of 2019 but argued delayed discovery prevented accrual until Javier discovered the injury in April of 2020 when the data collection was actually produced to him. *Id.* at 901. The district court did not find this argument persuasive. The district court held, "under the delayed discovery doctrine, knowledge of injury, not knowledge of a particular defendant's role in the injury, triggers inquiry notice." *Id.* Javier had pleaded facts in his complaint indicating he had assumed Assurance was collecting his information in January 2019, so Javier was on inquiry notice on that date. *Id.* at 902.

In this case, Plaintiffs plead that Citizens Bank did not reconvey the 2016 Sutter County deed of trust at close of escrow on September 30, 2022. ORTC, Plaintiffs agent, clearly knew of the harm, which was evidenced by ORTC's multiple demands to Citizens Bank to reconvey the 2016 Sutter County deed of trust. Moreover, Plaintiffs affirmatively plead that while the deed of trust for the 2020 Suncrest Loan recorded against Parcel 23 *was* reconveyed when escrow closed on September 30, 2022, the deed of trust for the 2016 Suncrest Loan *was not* similarly (and simultaneously) conveyed at the close of escrow. Compl., at 5:13-16. Certainly, the conveyance of one deed of trust and not the other is enough to trigger suspicion of, and therefore the need to inquire about, a potential problem. Like in *Javier*, Plaintiffs' own allegations in the FAC belie the argument that

- 13 -

discovery was delayed.

The court concludes the cause of action had fully accrued on September 30, 2022, at the close of escrow. All facts giving rise to the cause of action had occurred on that day, thereby creating a duty on Plaintiffs to conduct a reasonable inquiry into the facts surrounding the cause of action. Plaintiffs failed to timely conduct a reasonable inquiry into the facts. Moreover, Plaintiffs fail to plead there was an inability to have made earlier discovery despite reasonable diligence. In fact, Plaintiffs allege that at the close of escrow, the facts are that Citizens Bank did not reconvey the 2016 Sutter County deed of trust. FAC 5:13-16, Docket 73. At that very moment surely Plaintiffs were implored to conduct reasonable diligence into the facts of the injury. Any affirmative misrepresentations made after close of escrow by Citizens Bank do not alleviate this reasonable diligence requirement; instead, later affirmative misrepresentations would only further compound Plaintiffs' duty to inquire into the facts of the injury given Citizens Bank failure to reconvey the 2016 Sutter County deed of trust at close of escrow on September 30, 2022.

It is true that on April 29, 2024, Citizens Bank recorded the Parcel 23 Reconveyance, purportedly reconveying the 2016 Sutter County deed of trust to Plaintiffs at the behest of ORTC's repeated demands. However, this purported reconveyance does not change the fact that Plaintiffs were still on notice of the injury on September 30, 2022, and therefore had a duty to conduct a reasonable inquiry.

The statute of limitations for a negligent misrepresentation

- 14 -

claim is two years, and it began to run on September 30, 2022. Delayed discovery was not in effect under the facts as pleaded in the FAC.  Therefore, the final day that this action could have been brought was on September 30, 2024.  The action was brought on January 28, 2025, outside the statute of limitations period. Therefore, the court concludes that the cause of action for negligent misrepresentation, Count 4, is not timely and must be dismissed.

(ii).  *Elements of Negligent Misrepresentation*

There is an additional or alternative basis to dismiss Count 4 from the FAC: the FAC fails to allege a cause of action for negligent misrepresentation because the FAC fails to show reasonable reliance on any affirmative misrepresentations.

Citizens Bank urges the court to consider the fact that the assignment of the 2016 Sutter County deed of trust was recorded years before the sale ever took place, and Plaintiffs, or at least ORTC as their agent, had constructive knowledge that Citizens Bank was not beneficiary of the 2016 Sutter County deed of trust.  *Id.* at 14:27-15:18.  Therefore, there was no justifiable reliance on any misrepresentations.  The court agrees.

It is true in California that "constructive notice of an interest in real property is imparted by the recording and proper indexing of an instrument in the public records."  *First Bank v. East West Bank*, 132 Cal. Rptr. 3d 267, 271 (Cal. Ct. App. 2011). The assignment of the 2016 Sutter County deed of trust was public information.  It was properly recorded and indexed on August 4, 2016.  Therefore, ORTC had constructive knowledge of the

- 15 -

assignment, and this knowledge was imputed to Plaintiffs as principal in the agency relationship. It was not justifiable to rely on misrepresentations made by Citizens Bank when ORTC and Plaintiffs had constructive knowledge that Citizens Bank no longer was beneficiary of the 2016 Sutter County deed of trust.

Therefore, the court concludes that Plaintiffs have not adequately pleaded justifiable reliance on the alleged misrepresentations, and so Count 4 must be dismissed for failure to state a claim on this alternative and independent basis.

B. *Count 5 - Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing Against Citizens Bank*

Plaintiffs allege in Count 5 that Plaintiffs on the one hand, through their escrow agent ORTC, and Citizens Bank on the other hand, entered into a contract whereby Citizens Bank would release the 2016 Sutter County deed of trust upon receipt of the $1,197,730.82 in full satisfaction of its payoff demand ("Payoff Agreement"). FAC 14:9-13, Docket 73. Plaintiffs allege:

> If it is determined that Plaintiffs' fee title to Parcel 23 is subject to any right, title, estate, lien or interest of defendants, including the Sutter Deed of Trust, which Plaintiffs deny, Plaintiffs are informed and believe that CBB is in breach of the Payoff Agreement and the implied covenant of good faith and fair dealing therein by purporting to rescind the Parcel 23 Reconveyance and by failing to release, extinguish and/or reconvey the Sutter Deed of Trust as to Parcel 23.

*Id.* at 15:1-5. Plaintiffs allege that they have performed each term of the contract required on their part, and that as a direct and proximate cause of Citizens Bank's breach of the Payoff Agreement, Plaintiffs have suffered damages in an amount to be proven at trial. *Id.* at 15:9-12.

In California, to plead a breach of contract claim a

- 16 -

"plaintiff must allege (1) a contract existed, (2) plaintiff performed or is excused for nonperformance, (3) defendant breached, and (4) plaintiff was damaged." *Satvati v. Allstate Northbrook Indemnity Company*, 634 F.Supp.3d 792, 797 (C.D. Cal. 2022) (quoting *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal.Rptr.2d 725 (Cal. Ct. App. 1998). "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal.App.4th 972, 993 (2013)(citing *McKell v. Washington Mutual, Inc.* 142 Cal.App.4th 1457, 1489 (2006)). "In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *Id.* "This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *Id.*

The implied covenant of good faith is "implied as a supplement to express contractual covenants to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Thompson Pacific Construction, Inc. V. City of Sunnyvale*, 66 Cal.Rptr.3d 175, 188 (Cal. Ct. App. 2007) (quoting *Charpentier v. Los Angeles Rams Football Co.*, 89 Cal.Rptr.2d 115 (Cal. Ct. App. 1999)). If the breach of the implied covenant of good faith and fair dealing does not sound in tort, then only garden-variety contractual damages are recoverable. *Id.*

Citizens Bank's first argument is that the court should read the payoff demands included as Exhibits 1 and 2 to the Motion and

- 17 -

find that the payoff demands are not contracts between Plaintiffs and Citizens Bank. Mem. 17:23-18:10, Docket 92. As addressed in Section IV., *supra*, the court is declining to consider these additional documents at this stage, and so this argument is without merit.

Citizens Bank's second argument is that, contrary to Plaintiffs' allegations, Citizens Bank did not promise to reconvey the 2016 Sutter County deed of trust upon receipt of payment. Mem. 18:17-18, Docket 92. This second argument fails for two reasons. First, Citizens Bank is again referring to Exhibits 1 and 2 that the court is not considering.

Second, the court accepts all factual allegations as true and construes them, and reasonable inferences drawn from them, in a light most favorable to the Plaintiffs as the non-moving party. Therefore, the court accepts as true that Plaintiffs, through their authorized escrow agent ORTC, on the one hand, and defendant Citizens Bank, on the other hand, entered into an agreement whereby Citizens Bank agreed that upon receipt of $1,197,730.82 in full satisfaction of its payoff demand, Citizens Bank would release, extinguish and/or reconvey the 2016 Sutter County deed of trust as a lien against Parcel 23. FAC 14:9-13, Docket 73. The court, therefore, does not consider Citizens Bank's contrary allegation that it did not promise to reconvey the 2016 Sutter County Deed of Trust upon receipt of payment. *See* Mem. 18:17-18, Docket 92.

Citizens Bank's third argument is that Plaintiffs have not alleged an actual breach of contract because Plaintiffs have only alleged a potential future breach that is contingent upon events

that may or may not occur. *Id.* at 18:24-28. Citizens Bank cites *Clinton v. Acequia, Inc.*, 94 F.3d 568 (9th Cir. 1996), in support of this argument.

In *Clinton*, plaintiff Clinton brought a breach of contract claim as Count 4. *Id.* at 572. Count 4 of the complaint alleged defendant Acequia failed to timely liquidate a corporation by the agreed upon deadline of the year 1997. *Id.* However, the action was considered in 1996, one year before the final deadline for Acequia to liquidate. The court was tasked with deciding whether Count 4 was ripe for consideration. The Ninth Circuit held:

> Clinton's breach of contract claim presents no live case or controversy. The parties agree that, if an agreement to liquidate the corporation even exists, Acequia has until 1997 to perform its obligation. We have no way of knowing whether Acequia will actually do so, but a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur.

*Id.*

Unlike the facts in *Clinton*, Count 5 in this case has fully accrued and was ripe for consideration on or around September 30, 2022, when the 2016 Sutter County deed of trust was not reconveyed at close of escrow. *See Thomas v. Anchorage Equal Rights Com'n.*, 220 F.3d 1134, 1139 (9th Cir. 2000) (discussing ripeness and the idea that a cause of action is ripe when the alleged injury is "real and concrete rather than speculative and hypothetical."). It is true Plaintiffs appear to plead that there will only have been a breach of contract if it is later determined that fee title to Parcel 23 is subject to any defendants' rights. *See* FAC 15:1-5, Docket 73. However, it is also true that Plaintiffs have alleged in the FAC facts to

- 19 -

support there being a contract and the contract was breached when Citizens Bank indicated it would, and then did not, reconvey the 2016 Sutter County deed of trust. *See Id.* at 6:4-19. The court is able to draw reasonable inferences that the breach had occurred, despite language in Count 5 suggesting the breach is contingent upon a further determination.

Finally, Citizens Bank's fourth argument is that Plaintiffs fail to adequately plead a contract because Plaintiffs did not attach the alleged contract to the FAC, allege the contract verbatim, or allege the legal effect of the contract, as is required when pleading a breach of contract claim. Mem. 19:3-14, Docket 92. Citizens Bank cites the court to *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal.App.4th 972, 993 (2013); *Parrish v. Nat'l Football League Players Ass'n*, 534 F.Supp.2d 1081, 1094 (N.D. Cal. 2007); and *Gilmore v. Lycoming Fire Ins. Co.* 55 Cal. 123, 124 (1880), in support of this argument.

In *Heritage*, the appellate court cited the same standard for pleading a contract that Citizens Bank cites. Specifically, the standard for pleading a breach of contract claim is:

> A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect. In order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.

*Heritage*, 215 Cal.App.4th at 993 (citing *McKell v. Washington Mutual, Inc.* 142 Cal.App.4th 1457, 1489 (2006)).

The appellate court in *Heritage* found a contract had not been properly alleged because "the allegations in Heritage's

pleadings did not set forth with specificity any assignment of the tort claims." *Id.* Moreover, due to the lack of specific allegations supporting an assignment, the trial court ordered Heritage to "attach the written agreement that evinced an intent to assign the tort claims," and Heritage failed to do so. *Id.* For these reasons, the appellate court decided the trial court did not err.

In this case, contrary to the facts in *Heritage*, Plaintiffs have specifically alleged that there was a contract between ORTC, as Plaintiffs agent, on the one hand, and Citizens Bank on the other hand. FAC 14:9-19, Docket 73. The alleged contract is not some far-fetched agreement; the contract as alleged clearly exists for the purpose of purchasing Parcel 23 free and clear. *Heritage* is readily distinguishable from this case.

In *Parrish*, the district court considered whether a group of former National Football League players had actually entered into contracts identified as group licensing agreements ("GLAs") with defendants. The court cited the standard that, when the contract is not actually attached to the complaint, a heightened standard is applicable to determine whether a contract has been alleged. *Parrish*, 534 F.Supp.2d at 1094. The district court concluded that the plaintiffs failed to meet this pleading threshold for various reasons.

The district court engaged in a discussion in *Parrish* listing reasons why the plaintiffs had failed to adequately allege the legal effect of any purported contracts when those contracts were not attached to the complaint. *Id.* at 1095. One such reason was that plaintiffs alleged "under the GLAs, all

players who signed them, including plaintiffs, were entitled to payments from the licenses, regardless of whether any particular former player's name or likeness was actually used by a third party. . . [there has been no adequate explanation provided to] support the allegation that all players who signed GLAs were automatically entitled to at least some licensing revenues whether or not their images were used." *Id.*

*Parrish* is again readily distinguishable from this case.  A fatal flaw for the complaint in *Parrish* was that Plaintiffs failed to plead the legal effect of a contract when facts were not pleaded to support the claim that all plaintiffs entered into a contract, even in cases where a particular plaintiff's likeness was not used.

In this case, Plaintiffs have alleged the legal effect of the contract.  Plaintiffs have alleged the parties of the contract, the essential terms of the contract, the breach, and the related damages.  Plaintiffs pleaded that they entered into a contract with Citizens Bank, through their agent ORTC, whereby Citizens Bank agreed to reconvey the 2016 Sutter County deed of trust after receiving $1,197,730.82 from escrow.  The FAC alleges Plaintiffs performed their contractual duties.  The FAC alleges that Citizens Bank originally failed to reconvey the 2016 Sutter County deed of trust at close of escrow, eventually reconveyed it, and then ultimately rescinded the reconveyance, all in breach of the contract.  This case is distinguishable from *Parrish* for these reasons.

The final case Citizens Bank cites is the old case *Gilmore v. Lycoming Fire Ins. Co.,* 55 Cal. 123, 124 (1880).  In *Gilmore*,

the Supreme Court of California decided the rule that "[w]here a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *hæc verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Id.* at 124. The court in *Gilmore* considered whether a contract of insurance was pleaded sufficiently to survive defendant's demurrer. A crucial piece of the contract was an "application, survey, plan, or description of the property insured." *Id.* at 125. Gilmore submitted the insurance contract with the complaint but failed to include the application, survey, plan, or description of the property insured in the complaint. The court found that the "application of the assured is not set forth in the complaint, nor are its contents alleged. . . The plaintiff avers that she has 'duly performed all the conditions' of the contract on her part, but the averment fails to make the complaint complete in the absence of a portion of the policy which is necessary to explain the agreement as a whole, and which in connection with the policy proper may determine what the conditions are." *Id.*

*Gilmore* is again readily distinguishable. Here, there has been no omission of an essential element of the alleged contract. The contract's legal effect has been sufficiently alleged without any piece being omitted. What is in contest is not that there are missing pieces of the alleged contract, but that the actual language and terms of the contract are not as alleged. The terms of the contract and their legal effect are not now decided because the court is to accept all factual allegations as true

and construe these facts in favor of the nonmoving party for purposes of deciding this Rule 12(b)(6) Motion.

The court further concludes that Plaintiffs have alleged a cause of action for breach of implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing is "implied as a supplement to express contractual covenants to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Thompson,* 66 Cal. Rptr. at 188. Citizens Bank claims that "[i]n order for the Bank to evaluate a claim for breach of an implied covenant, all terms of the express agreement must be alleged." Mem. 19:19-20, Docket 92. However, no law is provided to support this assertion.

On the contrary, turning to the case Citizens Bank cites, *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44 (2002), *Storek* does not maintain that all terms of the express agreement must be alleged. *Storek* states the "implied covenant of good faith and fair dealing cannot contradict the express terms of a contract." *Id.* at 55.

In the case before the court, Plaintiffs do not allege that the implied covenant of good faith and fair dealing contradicts any express terms of the contract; rather, Plaintiffs allege the implied covenant was breached when "[Citizens Bank] actively and affirmatively misrepresented through the payoff demand statements submitted to Plaintiffs' escrow agent Old Republic Title Company, which [Citizens Bank] intended and reasonably expected would be communicated to and relied upon by Plaintiffs as buyers in the subject escrow, that [Citizens Bank] was the beneficiary of the

Sutter Deed of Trust at the time it demanded and accepted the $1,197,730.82 payoff for Parcel 23 from Plaintiffs' purchase funds as alleged herein." FAC 6:4-9, Docket 73. The court is able to infer from this allegation that the implied covenant of good faith and fair dealing has been breached, which breach is consistent with the express terms of the alleged contract.

The court also notes that an issue with the original complaint was that the alleged contract was not clearly pleaded to be between Plaintiffs and Citizens Bank. However, in the FAC, ORTC is repeatedly referred to as Plaintiffs' escrow agent, which bridges this gap, allowing the court to reasonably infer Plaintiffs were parties to the alleged contract through an agency relationship with ORTC. *See* FAC 14:1-21, Docket 73.

In conclusion, Plaintiffs have adequately pleaded a cause of action for breach of contract and the implied covenant of good faith and fair dealing to survive the Motion. The court reaches this conclusion because the court does not now read the payoff requests and demands included as Exhibits 1 and 2 to the Motion, and many of Citizens Bank's arguments rely on the text of the payoff requests and payoff demands. The court also reaches its decision because the court concludes Plaintiffs have adequately alleged the legal effect of the contract and have not omitted material pieces of the contract that would be detrimental to the cause of action. The court further concludes that facts have been alleged to support the cause of action for a breach of the implied covenant of good faith and fair dealing, the breach of the implied covenant being consistent with express terms of the alleged contract. Therefore, the Motion is denied as to Count 5.

C.    *Count 6 - Unjust Enrichment Against Citizens Bank*

Plaintiffs allege in Count 6 that Citizens Bank's acceptance of approximately $1,197,730.82 in satisfaction of its demand from Plaintiffs' purchase funds, and Citizens Bank's subsequent purported Rescission of the Parcel 23 Reconveyance, Citizens Bank has been unjustly enriched in the amount of at least $1,197,730.82.  FAC 15:17-22.  Importantly, Count 6 existed in the original complaint.  Compl. at 10, Docket 1.  Citizens Bank did not move to dismiss the cause of action for unjust enrichment in its original motion to dismiss.  *See* Mot. to Dismiss, Docket 30.  Therefore, Fed. R. Civ. P. 12(g)(2) is now implicated.  Fed. R. Civ. P. 12(g)(2) states:

> Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Moore's Federal Practice Treatise states regarding Rule 12(g)(2):

> Mandatory consolidation applies only to defenses and objections that are "available" to the moving party at the time of the motion.  If, for example, the defendant moves for and obtains a more definite statement and that statement reveals a ground for a motion to dismiss, the defendant may then advance such a motion instead of answering (see § 12.36[6]).  But, amending a complaint does not revive omitted defenses or objections that the defendant could have raised in response to the original complaint.  Exceptions to the Rule 12(g) consolidation requirement appear in Rule 12(h)(2) and may be raised in any Rule 7(a) pleading.

2 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 12.21 (2024) (footnote omitted).

In its Reply, Citizens Bank argues the court should now consider dismissal of the unjust enrichment claim, Count 6, under

principles discussed in *In re Apple iPhone Antitrust Litig.*, 846
F.3d 313, 317 (9th Cir. 2019). Reply at 17:1-11, Docket 103.
However, *In re Apple* does not assist Citizens Bank's position.
*In re Apple* states the rule that "Rule 12(g)(2) provides that a
defendant who fails to assert a failure-to-state-a-claim defense
in a pre-answer Rule 12 motion cannot assert that defense in a
later pre-answer motion under Rule 12(b)(6), but the defense may
be asserted in other ways." *Id.* at 318.  Here, Citizens Bank is
attempting to assert the defense to the unjust enrichment claim
under Rule 12(b)(6) when the same defense was available to it
when it filed the original motion to dismiss.[3]  The law does not
permit Citizens Bank's attempt to now assert the defense or
objection it had available earlier.

Citizens Bank argues that new information has become part of
the record justifying now raising the objection to Count 6,
claiming its own Exhibits "are now incorporated into the FAC by
way of the Motion [to Dismiss] and the incorporation-by-
reference doctrine." *Id.* at 17:7-8.  However, the court has
declined to include Exhibits 1 and 2 to the Motion in the record
by incorporation by reference or through judicial notice.  This
argument is without merit.

The court concludes that Citizens Bank could have moved to

---

[3]The defense was fully available to Citizens Bank on March
27, 2025, when Citizens Bank brought the original motion to
dismiss.  The defense is essentially that Citizens Bank was not
unjustly enriched because it accepted payments from escrow based
on a valid debt.  Mem. 20:11-19, Docket 92.  Indeed, all factual
events supporting this defense occurred well before March 27,
2025, and were known to Citizens Bank on or before close of
escrow on September 30, 2022.

dismiss Count 6 for unjust enrichment in its original motion to
dismiss, the defense or objection being available at that time,
and so Fed. R. Civ. P. 12(g)(2) bars Citizens Bank from now
moving to dismiss Count 6 under Rule 12(b)(6).  Therefore, the
Motion is denied as to Count 6.

      D.    *Count 7 - Declaratory and Injunctive Relief
Against Citizens Bank*

Plaintiffs request declaratory and injunctive relief in
Count 7 of the FAC.  Plaintiffs request that if it is determined
that the 2016 Sutter County deed of trust remains a valid and
enforceable lien against Plaintiffs' fee interest in Parcel 23,
the payment of $1,197,730.82 to Citizens Bank from Plaintiffs'
purchase funds should be found to have been made by mutual
mistake.  FAC 16:5-9, Docket 73.  Plaintiffs request Citizens
Bank restore to Plaintiffs the payment of $1,197,730.82, with
applicable interest, that was tendered due to the mutual mistake.
*Id.* at 16:14-18.  Furthermore, Plaintiffs request the court
determine the respective rights and duties of Plaintiffs and all
defendants with respect to the payment of $1,197,730.82 to
Citizens Bank, or else the parties risk facing a multiplicity of
litigation in deciding rights and interests.  *Id.* at 16:19-17:1.

Declaratory judgment is a remedy created by statute, the
Declaratory Judgment Act ("DJA"), authorizing courts of the
United States to "declare the rights and other legal relations of
any interested party seeking such declaration, whether or not
further relief is or could be sought."  28 U.S.C. § 2201(a).
Importantly, the DJA "does not create new substantive rights."
*Republic of Marsh. Is. v. United States*, 865 F.3d 1187, 1199 n.10

(9th Cir. 2017).  "Instead, the DJA is a purely remedial statute that provides an affirmative remedy only when a cause of action otherwise exists."  *Siino v. Foresters Life Insurance and Annuity Company*, 133 F.4th 936, 945 (9th Cir. 2025) (internal quotations omitted).  When a breach of contract claim accompanies the declaratory judgment request, as is the case here, "the declaratory judgment may be used to affirm the existence of a breach of contract or to clarify any attending contractual obligations."  *Id.*

Citizens Bank moves to dismiss Count 7 not for the substance of the claim, but on procedural grounds, arguing adding Count 7 in the FAC is beyond the scope of the court's order granting leave to amend the complaint.  Mem. 21:4-15, Docket 92.  Citizens Bank specifically argues that the court only granted leave to amend Counts 3 through 5 and nothing more in its order granting the motion to dismiss the original complaint.  *See* Order, Docket 69.  Citizens Bank cites the court to *Strifling v. Twitter Inc.*, 2024 WL 54976, at *1 (N.D. Cal., Jan. 4, 2024), in support of this argument.

The district court in *Strifling* granted defendant Twitter, Inc.'s initial motion to dismiss the original complaint with leave to amend "solely to cure the deficiencies identified by th[at] order."  *Id.*  Plaintiff Strifling filed an amended complaint that added new causes of action, and so the district court ruled the "amended complaint plainly exceeds the scope of this Court's dismissal order," and it granted the motion to dismiss the amended complaint on that basis.  *Id.*  The district court made a comprehensive list of cases that followed the rule

that leave to amend must be within the limits provided by the order granting leave to amend.  *Id.*  Importantly, the cases cited in *Strifling* all contained orders with specific limitations on amending complaints.

In this case, leave to amend was not limited to only those original counts.  The text of this court's Order granting Citizens Bank's initial motion to dismiss contained no specific limiting language.[4]  The court authorized Plaintiffs to file an amended complaint by June 17, 2025.  Leave to amend was not limited to only Counts 3 through 5 in the text of the court's Order.  Therefore, the Motion is denied as to Count 7.

**V.**
**Conclusion**

Based on the foregoing, the Motion is **GRANTED IN PART AND DENIED IN PART**.  The Motion is **GRANTED** as to Count 4 of the FAC which is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.  The Motion is **DENIED** as to Counts 5, 6, and 7 of the FAC.

---

[4]The text of the court's order dismissing the original complaint stated:

> IT IS ORDERED that the motion is GRANTED.  As it pertains to Defendant Citizens Bank, the third, fourth and fifth claims of relief of the adversary complaint are DISMISSED WITHOUT PREJUDICE with leave to amend.  Plaintiffs shall have until June 17, 2025 to file and serve an amended complaint.  If an amended complaint is not timely filed or a dismissed claim not amended, the dismissal without prejudice will become a dismissal with prejudice.  The defendant will then have until July 1, 2025 to file and serve an answer or other response.

Order, Docket 69.

1    Citizens Bank must file an answer by December 9, 2025.

2    A separate order and judgment will issue.

3

**Dated:**  November 24, 2025

4

5

6                                    Christopher D. Jaime, Chief Judge
7                                    United States Bankruptcy Court

8

9

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Edward Egan Smith
235 Pine Street, 15th Floor
San Francisco, California 94104

Dustin J. Nirschl
2855 E. Guasti Road
Suite 400
Ontario, California 91761